UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEROY CARTER III,

                           Plaintiff,                 **REPORT AND RECOMMENDATION**

      -against-                                     **CV 07-4317 (SJF)(ARL)**

DEPUTY SHERIFF RIVERA of Suffolk County
District Court, and SHERIFF VINCENT
DEMARCO of Suffolk County

                           Defendants.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff Leroy Carter III ("Carter") brought this action against the defendants under 42 U.S.C. § 1983 for an alleged assault that occurred while incarcerated at the Suffolk County First District Court Detention Facility. To the extent that Carter appears pro se, his pleadings are read "liberally [to] interpret them to raise the strongest arguments that they suggest." *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and quotation marks omitted). Before the court, upon referral by District Judge Feuerstein, is the defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the undersigned respectfully recommends that the defendants' motion be granted.

## BACKGROUND

      Carter's complaint alleges that on July 10, 2007, between approximately 2:00 and 2:30 p.m., he was escorted from a courtroom to the bullpen area of the Suffolk County First District Court. (Compl. at 4.) Carter alleges that while in the bullpen he "was assaulted by one Deputy Rivera who had no I.D. showing and his badge [number] was hidden by an elastic band covering the numbers on the bottom of his shield." (*Id*.) Carter alleges that he did not receive medical

treatment but as a result of the assault he suffers headaches. (*Id*.) Carter also claims that Deputy Rivera was present in the bullpen when Carter was subsequently transported to the courthouse on July 20, 2007. (Docket Entry 26.) Carter described Deputy Rivera as being approximately 6' to 6'2", weighing 200 to 240 pounds, being clean cut, having "a bodybuilder physique," being of Latino descent, and wearing a gold-studded earring. (*Id*.)

A search by the defendants of their records shows that no person by the name Rivera was employed by as a Suffolk County Sheriff at the time of the alleged assault. (*See* Def.'s Ex. C.) Further, a review of their records from July 10, 2007, as well as the other times that Carter was transported to court on July 5, 2007, and July 20, 2007, do not note an Incident Report that would be typical of an altercation with a Deputy Sheriff. (*Id*.) In support of their motion for summary judgment, the defendants submitted an affidavit by Wayne Phin ("Phin"), who is employed as a Commanding Officer of the Suffolk Country District Court Detention Facility. (Phin Aff.) Based upon Phin's personal knowledge, the Detention Facility regularly records the daily assignments, which reflect the personnel who actually worked on that day and their duties. (*Id*. ¶ 3.) Phin reviewed the daily log for July 10, 2007, and July 20, 2007, and determined that the Deputy Sheriffs working on those days were Bartell, Sanchez, McGovern, Burton, Liere, and Moran. (*Id*. ¶ 4; *see also* Def.'s Exs. E & F.) McGovern is female, and Sanchez and Bartell were working in areas of the facility where they would not have had physical contact with Carter. (Phin Aff. ¶¶ 5-8.)

The defendants produced a photo array containing Burton, Liere, and Moran so that Carter could identify the person who allegedly assaulted him. On June 3, 2009, Carter was provided with a copy of this photo array and did not identify Burton, Liere, or Moran as being

involved in the alleged assault. (Defs.' Ex. D.) To date, Carter has not identified the person who allegedly assaulted him or provided any additional evidence or information regarding the alleged incident.

## ANALYSIS

Summary judgment shall be "rendered if the pleadings, the discovery and disclosure materials on the files, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (citations and internal quotation marks omitted). "Although the burden of demonstrating that no material fact exists lies with the moving party, 'unless the nonmoving party offers some hard evidence showing that its version of the events is not wholly fanciful, summary judgment is granted to the moving party.'" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quoting *McCarthy*, 482 F.3d at 202). "[R]eliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

A Section 1983 claim for excessive force arising from the detention of an individual derives from the Fourth Amendment right to be secure from unreasonable seizures. *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006). "To succeed on a Fourth Amendment excessive force

claim, a plaintiff must show that the amount of force used was 'objectively unreasonable.'" *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996) (citation omitted). Because Carter has not produced any evidence demonstrating a genuine factual issue regarding the alleged assault, his claim is properly dismissed. Carter's allegations are wholly fanciful and not supported by any corroborating evidence, including the identity of "Deputy Rivera." Further, Carter failed to identify via a photo array any of the deputies working at the time he was detained in the court bullpen as the person who committed the assault. No reasonable jury would credit Carter's mere allegations in light of the defendants' evidence that no such assault occurred. Having failed to show that he suffered any constitutional violation, Carter's claims against Suffolk County are also properly dismissed. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (liability under Section 1983 against a municipality for the acts of its employees requires proof of a constitutional violation).[1]

---

[1] The undersigned notes *sua sponte* that Carter's claims were likely barred as unexhausted under Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"). The PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C.1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Santiago v. Murphy*, No. 08-CV-1961 (SLT), 2010 WL 2079538 (E.D.N.Y. May 24, 2010) (quoting 42 U.S.C. § 1997e(a)). Every level of administrative review must be fully exhausted before bringing suit under Section 1983. *Id.* (citing *Murray v. Prison Health Servs.*, 513 F. Supp. 2d 9, 13 (S.D.N.Y. 2007)). Nowhere in Carter's submissions does he indicate that he commenced let alone exhausted any administrative proceedings before filing this action. However, the defendants likely waived this argument by failing to raise it as a motion to dismiss at the outset of the litigation. *See Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) (exhaustion is excused where "defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense") (citing *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the defendants' motion for summary judgment be granted and that Carter's complaint be dismissed in its entirety. A copy of this Report and Recommendation will be sent to Carter at his address of record and provided to the defendants electronically. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
June 22, 2010

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge